DAVID W. GERMAN, State Bar No. 252394
Email: dgerman@navlaw.net
NEWMAN.AARONSON.VANAMAN LLP
14001 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone: (818) 990-7722
Facsimile: (818) 501-1306

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W., NADINE W., C.R., a minor, by and through his guardian ad litem, CHARLES W., and C.N., a minor, by and through his guardian ad litem, NADINE W. <br><br> Plaintiffs, <br><br> vs. <br><br> SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT, a local educational agency, GALIT GOTTLIEB, as an individual and in her official capacity, PAMELA HERKNER, in her official capacity, ELIZABETH SCIUTTO, in her official capacity, WILLIAM BROWN, in his official capacity, MARK KELLY, in his official capacity, KRISTOPHER C. VEGAS, in his official capacity, PAMELA KAZEE, in her official capacity, and DOES 1-10 inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR:** <br><br> **1.** Violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; <br><br> **2.** Violations of Section 504 of the Rehabilitation Act, 29 U.S.C. 794 et seq.; <br><br> **3.** Violations Constitutional Rights, 42 U.S.C. § 1983. <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Charles W., Nadine W., C.R., a minor, by and through his guardian ad litem, Charles W., and C.N., a minor, by and through his guardian ad litem, Nadine W., allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1343, which afford original jurisdiction over actions arising from federal questions under the Constitution or laws of the United States, including Section 504 of the Rehabilitation Act of 1973 (Section 504) (29 U.S.C. § 794), Title II of the Americans with Disabilities Act (ADA) (42 U.S.C. §§ 12131 *et seq*.), and 42 U.S.C. § 1983.

2.     Venue is proper under 28 U.S.C. § 1391(b) because all Plaintiffs are residents of Malibu, California, and Respondent School District operates in Malibu and Santa Monica, California, all within the Central District of California.   All individual defendants were acting as agents, employees, or administrators of the Santa Monica-Malibu Unified School District during all relevant events.  Further, all events and omissions giving rise to the claims asserted herein occurred in Malibu, California, within the Central District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.     On July 17, 2018, C.R. filed and served an initial Request for Due Process hearing before the California Office of Administrative Hearings (OAH). That case, (OAH Case No. 2018070741), presented claims under the ADA, Section 504, and the IDEA against Santa Monica-Malibu Unified School District (SMMUSD). On July 27, 2018 SMMUSD sought to dismiss the claims arising under the ADA and Section 504 because OAH lacked jurisdiction to hear those claims.  On August 2, 2018, OAH issued an Order dismissing those claims for lack of jurisdiction.

4.     On July 17, 2018, C.N. filed and served an initial Request for Due Process hearing before the California Office of Administrative Hearings (OAH). That case, (OAH Case No. 2018070742), presented claims under the ADA, Section 504,

and the IDEA against Santa Monica-Malibu Unified School District (SMMUSD). On July 27, 2018 SMMUSD sought to dismiss the claims arising under the ADA and Section 504 because OAH lacked jurisdiction to hear those claims. On August 2, 2018, OAH issued an Order dismissing those claims for lack of jurisdiction.

5.     The allegations contained in this action are unrelated to the educational program of C.R. and C.N. in that they involve intentional violations of their civil rights by Defendants that are outside the jurisdiction of OAH. Moreover, all remedies sought are unavailable through OAH.

## PARTIES

6.     Plaintiff CHARLES W. brings this action on his own behalf and as guardian ad litem for his son, C.R. He has been a resident of the City of Malibu at all times relevant to this complaint.

7.     Plaintiff C.R. is a minor. He has been a resident of the City of Malibu at all times relevant to this complaint.

8.     Plaintiff NADINE W. brings this action on her own behalf and as guardian ad litem for her son, C.N. She has been a resident of the City of Malibu at all times relevant to this complaint.

9.     Plaintiff C.R. is a minor. He has been a resident of the City of Malibu at all times relevant to this complaint.

10.     At all times relevant to this complaint, defendant GALIT GOTTLIEB ("GOTTLIEB") was an employee of the Santa Monica - Malibu Unified School District ("SMMUSD"), in Los Angeles County California. All actions alleged herein by GOTTLIEB were taken under color of state law and in the course and scope of her employment with SMMUSD.

11.     At all times relevant to this complaint, defendant PAMELA HERKNER ("HERKNER") was an employee of the SMMUSD, in Los Angeles County California. All actions and inactions alleged herein by HERKNER were taken under color of state law and in the course and scope of her employment with SMMUSD.

12.    At all times relevant to this complaint, defendant ELIZABETH SCIUTTO ("SCIUTTO") was an employee of the SMMUSD, in Los Angeles County California.  All actions and inactions alleged herein by SCIUTTO were taken under color of state law and in the course and scope of her employment with SMMUSD.

13.    At all times relevant to this complaint, defendant WILLIAM BROWN ("BROWN") was an employee of the SMMUSD, in Los Angeles County California. All actions and inactions alleged herein by BROWN were taken under color of state law and in the course and scope of his employment with SMMUSD.

14.    At all times relevant to this complaint, defendant MARK KELLY, ("KELLY") was an employee of the SMMUSD, in Los Angeles County California. All actions and inactions alleged herein by KELLY were taken under color of state law and in the course and scope of his employment with SMMUSD.

15.    At all times relevant to this complaint, defendant KRISTOPHER C. VEGAS ("VEGAS") was an employee of the SMMUSD, in Los Angeles County California.  All actions and inactions alleged herein by VEGAS were taken under color of state law and in the course and scope of his employment with SMMUSD.

16.    At all times relevant to this complaint, defendant PAMELA KAZEE ("KAZEE") was an employee of the SMMUSD, in Los Angeles County California. All actions and inactions alleged herein by KAZEE were taken under color of state law and in the course and scope of her employment with SMMUSD.

17.    The  Santa Monica - Malibu Unified School District ("SMMUSD"), is a public entity duly incorporated and operated under California Law as a school district.  SMMUSD is a local educational agency and a public entity under the laws of the State of California, and is located in Los Angeles County, California. Defendant SMMUSD is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code § 11135, and to all other legal requirements referred

1  to in this complaint.  The District receives both state and federal financial assistance.

2      18.    In enacting Title II of the Americans with Disabilities Act, Congress

3  validly abrogated state sovereign immunity.  SMMUSD may, therefore, be sued

4  pursuant to Title II.  *Hason v. Med. Bd. of California*, 279 F.3d 1167, 1170 (9th Cir.

5  2002).   By accepting Federal Rehabilitation Act funds, SMMUSD waived its

6  sovereign immunity under the Eleventh Amendment to claims brought pursuant to

7  Section 504 of the Rehabilitation Act of 1973.  *Pugliese v. Dillenberg*, 546 F.3d 937

8  (9th Cir. 2003)

9      19.    The true names and capacities of defendants sued as DOES 1-10 are

10  unknown to Plaintiffs. Plaintiffs pray leave to amend to allege the true names and

11  capacities when they are ascertained.

12      20.    At all relevant times set forth herein, all Defendants acted in concert and

13  as the agents of one another.

14                    **FACTUAL ALLEGATIONS**

15      21.    C.R. and C.N. are twin brothers.  During the time of all actions alleged

16  herein they were 7 years old.  They were enrolled as students in SMMUSD.   Both

17  C.R. and C.N. have significant challenges with respect to communication, behavior,

18  and adaptive skills as a result of their diagnoses of Autism Spectrum Disorder.  Both

19  C.R. and C.N. have communication abilities which are extremely limited.

20      22.    C.R. and C.N. were both second grade students at SMMUSD school Juan

21  Cabrillo Elementary during the 2017-2018 school year.

22      23.    BROWN was the teacher in the classroom to which C.R. and C.N. were

23  assigned.

24      24.    GOTTLIEB worked at Juan Cabrillo Elementary during the 2017-2018

25  school year.  She was employed by Respondent District in the position of a behavioral

26  aide or "Paraeducator-3."  She was assigned as a behavioral support person to both

27  C.R. and C.N.

28      25.    Beginning no later than October 5, 2017, GOTTLIEB routinely applied

1  hand sanitizer to cuts on C.R. and C.N.'s hands in order to inflict pain and obtain

2  behavioral compliance through aversive techniques.  District administrator SCIUTTO

3  was made aware that GOTTLIEB was using corporal punishment to inflict pain on

4  C.R. and C.N. no later than October 5, 2017.  SCIUTTO made classroom teacher

5  BROWN and school Principal HERKNER aware of the allegations on the same day.

6       26.  Despite the awareness of SCIUTTO, BROWN, and HERKNER, that

7  GOTTLIEB was intentionally inflicting pain on C.R. and C.N., she was allowed to

8  continue her practice of using and/or threatening both boys with corporal punishment

9  through the aversive use of hand sanitizer until at least January 22, 2018.  Throughout

10  this period, various District personnel witnessed and reported numerous incidents in

11  which GOTTLIEB inflicted or threatened to inflict corporal punishment on C.R. and

12  C.N. to SCIUTTO, HERKNER, and additional District staff and administrators

13  including KAZEE.

14       27.  SCIUTTO and VEGAS were also aware that GOTTLIEB was making

15  improper use of physical restraints on C.R. and C.N. as early as October 10, 2017.

16  Despite this awareness, GOTTLIEB was permitted to engage in an escalating pattern

17  of physical restraint, physical abuse, and intentional battery of C.R. and C.N. through

18  and including January 24, 2018, at which time GOTTLIEB's practice of inflicting

19  pain on the boys as a means of gaining compliance was reported directly to their

20  parents by a bus driver who witnessed it.

21       28.  At all times between October 2017 and February 2, 2018, a growing list

22  of District personnel and administrators gained knowledge of the ongoing harms

23  being suffered by C.R. and C.N. and failed to protect them or to report the abuse to

24  law enforcement.  These individuals include but are not limited to VEGAS,

25  HERKNER, SCIUTTO, KAZEE, BROWN, and KELLY.  Each of these individuals

26  had knowledge or information giving rise to a reasonable suspicion that GOTTLIEB

27  had committed acts of child abuse or neglect as defined by Penal Code section

28  11165.3, against C.R. and C.W.  These employees were mandated reporters as

defined by Penal Code section 11165.7, but did not report the abuse or neglect to an appropriate agency as required by Penal Code section 11165.9 for periods of up to 4 months.  Ultimately, Defendants only reported the abuse to law enforcement after someone else had informed the children's parents about the abuse.

29.  District administrators also had actual knowledge that GOTTLIEB had not received necessary Crisis Prevention Intervention training as early as November 6, 2017.  There were aware, therefore, that although she frequently used restraints on the boys, she was not appropriately trained or supervised in when and how to implement physical restraints and/or holds.

**FIRST CAUSE OF ACTION**

**Violation of Title II of the Americans with Disabilities Act**

**(Plaintiffs C.R. and C.N. v. SMMUSD)**

30.  Plaintiffs incorporate by reference herein and repeat as though set out in full paragraphs 1 through 29.

31.  Plaintiffs C.R. and C.N. were entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990.  Title II, Subpart A, prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. § 12132, section 201 of the ADA.

32.  Pursuant to 42 U.S.C. § 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  The statute requires that the public entities provide a qualified student with a disability with an opportunity to participate in or benefit from any aid, benefit, or service that is equal to that afforded other students. 28 C.F.R. § 35.130(b)(1)(ii).

33.  Plaintiffs C.R. and C.N. were, at all times relevant here, qualified individuals with disabilities for the purposes of the ADA.  Their diagnoses of Autism substantially limits the major life activities of learning, communicating, and adaptive

1  functioning.  As grade-school aged students who reside within the boundaries of

2  SMMUSD, C.R. and C.N. meet eligibility requirements for receipt of services or the

3  participation in the services, programs, and activities provided by the SMMUSD.

4    34.    SMMUSD is a public entity and is subject to Title II of the ADA.

5    35.    SMMUSD has failed in its responsibilities under Title II to provide its

6  services, programs, and activities in a full and equal manner to disabled persons as

7  described above, including failing to ensure that educational services are provided on

8  an equal basis to children with disabilities and free of hostility toward their disability.

9    36.    SMMUSD has further failed in its responsibilities under Title II to

10  provide its services, programs, and activities in a full and equal manner to disabled

11  persons as described above by subjecting Plaintiffs to a hostile educational

12  environment.

13    37.    As a proximate result of the violations alleged in paragraphs 1-36, C.R.

14  and C. N. suffered, and continue to suffer, a loss of equal educational opportunity and

15  equal access to a public education, as well as attendant social, psychological, hedonic,

16  and economic harms resulting from this denial.  Plaintiffs seek special and general

17  damages according to proof.

18  **SECOND CAUSE OF ACTION**

19  **Violation of Section 504 of the Rehabilitation Act of 1973**

20  **(Plaintiffs C.R. and C.N. v. SMMUSD)**

21    38.    Plaintiff incorporates by reference herein and repeat as though set out in

22  full paragraphs 1 through 37.

23    39.    Under Section 504, a qualified individual with a disability may not,

24  solely by reason of his/her disability, be subjected to discrimination, excluded from

25  participation in, or denied the benefits of, any program or activity receiving federal

26  financial assistance.  29 U.S.C. § 794(a).

27    38.    Under Section 504, public entities are required to provide meaningful

28  access to their programs, services, and activities.  Specifically, an education provider

"may not, on the basis of [disability], exclude any qualified [disabled] student from any course, course of study, or other part of its education program or activity."  34 C.F.R. § 104.43(d) and § 104.34.

39.    Further, school districts are required to provide a free appropriate public education under Section 504, "regardless of the nature or severity of the person's [disability]."  34 C.F.R. § 104.33(b).

40.    Plaintiffs C.R. and C.N. were, and are, at all times relevant here, qualified individuals with a disability for the purposes of the Section 504.  Their diagnoses of Autism substantially limit their major life activities of learning, communicating, and adaptive functioning.  As grade-school aged students who reside within the boundaries of SMMUSD, C.R. and C.N. meet eligibility requirements for receipt of services or the participation in the services, programs, and activities provided by the SMMUSD.  C.R. and C.N. are otherwise qualified to receive all of the benefits of SMMUSD programs at issue here.

41.    SMMUSD is a public school system that receives federal financial assistance.  Part of that federal financial assistance has been used to fund the operations, construction, and/or maintenance of Juan Cabrillo Elementary School and the activities which take place at that school.

42.    SMMUSD has failed in its responsibilities under Section 504 to provide its services, programs, and activities, in a full and equal manner to disabled persons as described above, including failing to ensure that educational services are provided on an equal basis to children with disabilities free of hostility toward their disability.

43.    The actions and inactions of SMMUSD in denying equal access to educational services and by subjecting Plaintiffs C.R. and C.N. to a hostile educational environment, have violated C.R. and C.N.'s rights under Section 504 of the Rehabilitation Act of 1973.

44.    As a proximate result of the violations alleged in paragraphs 1-43, C.R. and C.N. suffered, and continue to suffer, a loss of equal educational opportunity and

equal access to a public education, as well as attendant social, psychological, hedonic, and economic harms resulting from this denial.  Plaintiffs seek special and general damages according to proof.

### THIRD CAUSE OF ACTION

### Violation of Constitutional Rights, 42 U.S.C. § 1983

### (All Plaintiffs v. Defendants Gottlieb, Vegas, Herkner, Sciutto, Kazee, Brown, and Kelly)

45.    Plaintiffs incorporate by reference herein and repeat as though set out in full paragraphs 1 through 44.

46.    Defendant GOTTLIEB violated minor Plaintiffs C.R. and C.N.'s rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to utilizing unjustified and unreasonable force against minor Plaintiffs.

47.    Defendants VEGAS, HERKNER, SCIUTTO, KAZEE, BROWN, AND KELLY violated minor Plaintiffs C.R. and C.N.'s rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to Plaintiffs from GOTTLIEB.

48.    Defendants GOTTLIEB, VEGAS, HERKNER, SCIUTTO, KAZEE, BROWN, AND KELLY violated Plaintiffs Charles W., Nadine W, C.R. and C.N.'s rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution by actions, including but not limited to:

a.    Intentionally interfering with the parent child relationship by concealing information regarding the physical and emotional trauma inflicted on C.R. and C.N. by GOTTLIEB.

b.    Intentionally interfering with Plaintiffs Charles W., Nadine W., C.R., and C.N.'s right to provide and receive nurture, support, and comfort regarding highly traumatic events.

49.    As a proximate result of the violations alleged in paragraphs 1-48, Plaintiffs have suffered damages as alleged above.

## PRAYER FOR RELIEF

Plaintiffs pray this Court for judgment as follows:

1.     Awarding, statutory, general, and special damages in an amount to be determined by proof, including but not limited to damages under 42 U.S.C. § 12133 and 29 U.S.C. § 794(a);

2.     Awarding any other such damages as may be allowed under any of the above-referenced federal laws;

3.     Awarding reasonable attorneys' fees and costs in this action, including, but not limited to attorneys' fees and costs allowed for pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794(b);

4.     Awarding the costs of suit incurred herein; and

5.     Awarding such other and further relief as the Court deems just and proper.


Dated: February 15, 2019              Respectfully submitted,
                                      David W. German
                                      Newman Aaronson Vamanan LLP

                                      _____/s/_____

                                      David W. German, Attorney for Plaintiffs